## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

CORNELIO HUNT,

    Plaintiff,

v.                                  Case No. 5:26-cv-94-AW-MJF

JAMES A. ZINGALE and
BLAISE INGOGLIA,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

In this § 1983 action, Plaintiff alleges that the two Defendants violated the Fourth and Fourteenth Amendments when some unspecified person suspended Plaintiff's driver license and when "two Sheriff's units" arrested Plaintiff. Plaintiff also attempts to assert a claim against a person not named as a Defendant: the clerk of the court for Holmes County.

Defendants move to dismiss this action for failure to state a claim upon which relief can be granted. Doc. 14. Plaintiff responded in opposition. Doc. 17. Because Plaintiff's official-capacity claims are barred by the doctrine of sovereign immunity, because Plaintiff fails to state any

individual-capacity claims, and because Plaintiff has not named the clerk of the court of Holmes County as a defendant and failed to serve process on that person, the District Court should dismiss this civil action.

## BACKGROUND

Plaintiff's third amended complaint, filed pursuant to 42 U.S.C. § 1983, is the operative pleading. Doc. 8.

### A.   <u>Plaintiff Files a Case in Holmes County</u>

On some date that Plaintiff does not specify, some unspecified person or entity suspended Plaintiff's commercial driver license and his passport. *Id.* at 5. To redress this, on March 10, 2026, Plaintiff filed an action in Holmes County, Florida: *Hunt v. Zingale*, No. 30-2026-CA-57 (Fla. Cir. Ct. Mar. 10, 2026).

### B.   <u>"Two Sheriff's Units" Arrest Plaintiff</u>

Also, on March 10, 2026, upon exiting "the courthouse," "two Sheriff's units" conducted a traffic stop and arrested Plaintiff. Doc. 8 at 7.

### C.   <u>The Two Defendants</u>

Plaintiff sues two Defendants:

- James A. Zingale, the Executive Director of the Florida Department of Revenue; and

- Blaise Ingoglia, the Chief Financial Officer of the Florida Department of Financial Services.

Doc. 8 at 3.

### D.    Plaintiff's Claims

Plaintiff sues Defendants in both their official and individual capacities and asserts the following claims:

- a Fourth-Amendment claim for "unlawful seizure" against both Defendants because of Defendants' alleged "failure to adhere to procedural mandates" and "reliance on unverified, automated systems" that "resulted in [Plaintiff's] unlawful arrest and a 10-day deprivation of [his] liberty"; and

- a Fourteenth-Amendment due process claim against both Defendants because Defendants allegedly "deprived [Plaintiff] of [his] protected property interest and [his] Right to Travel without due process of law."

*Id.* at 9.

Plaintiff also asserts a First-Amendment retaliation claim against "the clerk of court," but Plaintiff has not named the clerk of court as a defendant in this civil action. *Id.* Plaintiff also has not filed a proof of service regarding this person.

### E.    The Relief Plaintiff Requests

As relief, Plaintiff seeks "[a]n immediate order directing the Florida Department of Revenue to vacate all administrative holds" on his "Class

A CDL credentials." *Id.* Plaintiff also seeks $25,000 in compensatory damages and a declaratory judgment that Defendants violated Plaintiff's rights. *Id.* at 10.

## DISCUSSION

### A.    Plaintiff's Official-Capacity Claims Are Barred by Sovereign Immunity

Plaintiff attempts to assert a Fourth-Amendment and a Fourteenth-Amendment claim for damages against Zingale and Ingoglia in their official capacities.

Generally, the Eleventh Amendment recognizes that states may assert sovereign immunity that would bar suits by an individual against a State, its agencies, and its employees, unless Congress has abrogated the State's sovereign immunity or the State has consented to the lawsuit. *See Hans v. Louisiana*, 134 U.S. 1, 16–18 (1890); *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc). Congress has not abrogated the States' sovereign immunity in actions for damages under section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67–68 (1989). Thus, to the extent Plaintiff is seeking damages from Zingale and Ingoglia—both of whom are employees of the state of Florida—Plaintiff's

Page 4 of 15

claims are barred by sovereign immunity.[1]

**B.**   **Plaintiff Fails to State a Fourth-Amendment "False Arrest" Claim**

Plaintiff attempts to assert a Fourth-Amendment "false arrest" claim against Zingale and Ingoglia in their individual capacities. Doc. 8 at 9.

The Fourth Amendment provides, in relevant part, that people have the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ," U.S. CONST. amend. IV. The arrest of a person constitutes a "seizure." *Payton v. New York*, 445 U.S. 573, 585 (1980). To comply with the Fourth Amendment, arrests must be "reasonable." *District of Columbia v. Wesby*, 583 U.S. 48, 56 (2018).

---

[1] Plaintiff also seeks declaratory and injunctive relief. Doc. 8 at 9. Under the *Ex parte Young* doctrine, a suit challenging the constitutionality of a state official's enforcement of state law is *not* a suit against the state and thus operates as an exception to sovereign immunity. *Schultz v. Alabama*, 42 F.4th 1298, 1314 (11th Cir. 2022) (citing *Ex parte Young*, 209 U.S. 123, 159–60 (1908)). For the reasons discussed in this report and recommendation, however, Plaintiff fails to state any claim upon which relief can be granted. Therefore, Plaintiff has failed to show any entitlement to declaratory or injunctive relief.

To state a claim for a false arrest in violation of the Fourth Amendment, plaintiff must allege at least the following elements:

(1) the defendant arrested plaintiff; and

(2) the defendant lacked probable cause to believe that the plaintiff had committed a crime.

*Brooks v. Miller*, 78 F.4th 1267, 1281 (11th Cir. 2023); *Richmond v. Badia*, 47 F.4th 1172, 1180 (11th Cir. 2022).

### 1. *Plaintiff Fails to Allege that Defendants Arrested Plaintiff or Participated in Plaintiff's Arrest*

To state a claim of false arrest under the Fourth Amendment, a plaintiff must allege that the defendant arrested or participated in the arrest of the plaintiff. *Brown v. City of Huntsville*, 608 F.3d 724, 736–37 (11th Cir. 2010). That is, a plaintiff must allege "an affirmative causal connection" between the defendant and the arrest. *Id.* at 737; *see also Douglas v. Yates*, 535 F.3d 1316, 1321–22 (11th Cir. 2008).

Plaintiff does not allege that Defendants arrested Plaintiff or participated in the arrest of Plaintiff. Indeed, Plaintiff never articulates the precise roles Defendants played in Plaintiff's arrest, if any. Rather, Plaintiff alleges that "two Sheriff's units" arrested him. Doc. 8 at 7. To the extent Plaintiff alleges that Defendants played any role in his arrest,

he fails to allege a sufficiently proximate connection between Defendants and Plaintiff's arrest.

For this reason alone, Plaintiff has failed to state a claim of false arrest under the Fourth Amendment.

### 2. *Plaintiff Fails to Allege that the "Two Sheriff's Units" Who Arrested Plaintiff Lacked Probable Cause*

As noted above, a plaintiff seeking to state a claim of false arrest under the Fourth Amendment must allege that the individuals who arrested the plaintiff lacked probable cause to believe that Plaintiff committed a crime. *Brooks*, 78 F.4th at 1281; *Richmond*, 47 F.4th at 1180. Here, Plaintiff does not allege that Defendants lacked probable cause to believe that Plaintiff committed a crime.

For this reason, too, Plaintiff has failed to state a false arrest claim under the Fourth Amendment.

### C. <u>Plaintiff Fails to State a Denial of Due Process Claim</u>

Plaintiff also attempts to assert a claim that Defendants denied Plaintiff due process of law. Doc. 8 at 9. Specifically, Plaintiff alleges that Defendants deprived him of a property interest when they allowed "a computer system to block" Plaintiff's "Class A CDL credentials and passport." *Id.*

The Due Process Clause of the Fourteenth Amendment prohibits deprivations of property "without due process of law." U.S. CONST. amend. XIV, § 1. Due process requires adequate notice and a meaningful opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319, 333, 348–49 (1976). To state a claim for a denial of due process, a plaintiff must allege:

(1) the defendant deprived the plaintiff of a constitutionally protected property or liberty interest;

(2) the defendant was acting under color of law or as a state actor; and

(3) the defendant did not afford the plaintiff constitutionally-adequate process.

*Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994); *see Catron v. City of St. Petersburg*, 658 F.3d 1260, 1266 (11th Cir. 2011).

### 1.    *Plaintiff Fails to Allege that Defendants Themselves Denied Plaintiff Due Process*

Plaintiff fails to allege any actions or omissions by Defendants that resulted in depriving Plaintiff of his driver license or his passport. Plaintiff's allegation that Defendants allowed "a computer system to block" Plaintiff's "Class A CDL credentials and passport," is insufficient

to state a claim for a denial of due process. Such an allegation fails to allege that Defendants were sufficiently proximate in the chain of causation as to have deprived Plaintiff of his driver license or passport.

Indeed, the District Court can take judicial notice that the Florida Department of Highway Safety and Motor Vehicles issues and revokes driver licenses—not the Florida Department of Revenue or the Florida Department of Financial Services. *See* Fla. Stat. §§ 322.01(15); 322.02(2); 322.14; 322.27.

Similarly, the District Court can take judicial notice that only the United States Secretary of State and his designees may grant, issue, and verify U.S. passports—not the Florida Department of Revenue or the Florida Department of Financial Services. *See* 22 U.S.C. § 211a.

To the extent that Plaintiff seeks to hold Defendants liable based on their supervisory capacities of Florida government agencies, § 1983 simply does not create such a claim. *See Christmas v. Harris Cnty., Georgia,* 51 F.4th 1348, 1355 (11th Cir. 2022); *Keating v. City of Miami,* 599 F.3d 753, 762 (11th Cir. 2010). A supervisor may be held liable for a violation of law under § 1983 only when he "personally participates in the alleged constitutional violation or when there is a causal connection

between the actions of the supervising official and the alleged constitutional violation." *Keating*, 599 F.3d at 762 (quoting *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003)). Plaintiff simply has not alleged that Defendants personally participated in the denial of due process or that there is a causal connection between Defendants and the alleged denial of due process.

For this reason alone, Plaintiff has failed to state a claim for a denial of due process.

### 2.   *Plaintiff Fails to Allege that Defendants Failed to Afford Plaintiff Adequate Process*

A due process violation does not necessarily occur upon the deprivation of a liberty or property interest; rather it occurs when the State "fails to provide due process." *Reed v. Goertz*, 598 U.S. 230, 236 (2023).

Here, Plaintiff fails to allege what process the Defendants or the State of Florida afforded him—if any—before depriving Plaintiff of his driver license and passport. Similarly, Plaintiff fails to allege what process Defendants or the State of Florida *should have* afforded him prior to depriving him of his driver license and passport. Instead, Plaintiff merely alleges that he was denied due process. "[C]onclusory allegations"

and "legal conclusions masquerading as facts" are insufficient to state a claim upon which relief can be granted. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). Plaintiff's conclusory allegation that Defendants denied him due process, therefore, is insufficient to state a claim upon which relief can be granted. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Turner v. Williams,* 65 F.4th 564, 577 (11th Cir. 2023).

For this reason too, Plaintiff has failed to state a denial of due process claim.

## D.    **Plaintiff Fails to State a "Right-to-Travel" Claim**

Plaintiff alleges that Defendants' actions deprived him of his right to travel in violation of the Fourteenth Amendment. Doc. 8 at 9.

Under the Fourteenth Amendment, the right to travel entails at least three facets:

(1) "the right of a citizen of one State to enter and leave another State;"

(2) "the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State;" and

(3) "for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State."

*Saenz v. Roe*, 526 U.S. 489, 499 (1999). But incidental "burdens on a person's ability to travel from state to state are not necessarily a violation of their right to travel." *Doe v. Moore*, 410 F.3d 1337, 1348 (11th Cir. 2005) (citing *Saenz*, 526 U.S. at 499).

Beyond Plaintiff's conclusory statement that Defendants deprived Plaintiff of his right to travel, Plaintiff fails to set forth any allegations regarding Defendants and Plaintiff's right to travel. Thus, Plaintiff fails to articulate the manner in which Defendants denied Plaintiff his right to travel. As noted above, conclusory allegations that Defendants denied Plaintiff the right to travel simply are insufficient to state a claim upon which relief can be granted. *Ashcroft*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570; *Turner*, 65 F.4th at 577.

Accordingly, Plaintiff fails to state a "right-to-travel" claim upon which relief can be granted.

Page 12 of 15

**E.**   **Plaintiff Fails to Name the Clerk of the Court of Holmes County as a Defendant and Plaintiff Has Not Demonstrated that he Served this Person**

Plaintiff also attempts to assert a First-Amendment retaliation claim against "the Clerk of Court" of Holmes County, Florida. Doc. 8 at 9.

The Federal Rules of Civil Procedure require that the title of a complaint "shall include the names of all the parties." Fed. R. Civ. P. 10(a). Furthermore, a plaintiff must ensure that a defendant is served with a summons and a copy of the complaint. *See* Fed. R. Civ. P. 4. Thus, "to make someone a party the plaintiff must specify him in the caption and arrange for service of process." *Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005). Indeed, service of process is prerequisite to a district court exercising personal jurisdiction. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

A plaintiff bears the burden of demonstrating that a defendant was served properly. *Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014); *Lepone-Dempsey v. Carroll Cnty. Com'rs*, 476

F.3d 1277, 1280–81 (11th Cir. 2007); *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. Unit A Jan. 1981). "Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1).

Here, Plaintiff did not list the clerk of court of Holmes County as a defendant in the caption of his third amended complaint. Doc. 8 at 1. Plaintiff also did not list this person as a defendant in the section of the complaint form titled "PARTIES TO THIS COMPLAINT." *Id.* at 2. There is no entry on the docket indicating that Plaintiff ever requested a summons for this person. Furthermore, Plaintiff has not filed any evidence indicating that he served process on the clerk of court of Holmes County. The District Court cannot attempt to exercise personal jurisdiction over a person whom a plaintiff has not named as a defendant and whom Plaintiff has not served with process.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.    **GRANT** Defendants' motion to dismiss, Doc. 14; and

2.    **DIRECT** the clerk of the court to enter judgment, terminate

all pending motions, and close the case file.

At Pensacola, Florida, this <u>4th</u> day of June 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the District Court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**